## JOSEPH ROBINSON *vs.* HIRAM WADSWORTH.

When the specification, to which a party is entitled by the 57th rule of the court, of the matter of discharge or avoidance which the other party intends to give in evidence, is bad for generality, it should be objected to for that cause, before trial, and the court will order it to be amended. If it be not objected to before trial, it cannot be treated as a nullity, at the trial, but the party who files it may give in evidence the particulars of that which is therein stated generally.

When a defendant relies on a discharge under the United States bankrupt act of 1841, and the plaintiff *attempts to avoid the discharge by showing that the defend-ant* concealed a part of his property, the defendant may give in evidence the state-ments which he made to his counsel, who assisted him in making an inventory of his property, rights and credits, respecting the property alleged to have been concealed, and the advice of his counsel that such property ought not to be inserted in such inventory.

THIS was an action of assumpsit, commenced on the 31st of May 1843, in the court of common pleas, to recover the amount of certain promissory notes, &c. The defendant at the first term pleaded the general issue, and gave notice that he should rely upon his discharge under the United States bankrupt act of 1841. He also filed a motion, at the same term, that the plaintiff should specify his grounds of avoidance of that discharge. The plaintiff, in pursuance of an order of the court, filed the following specification: "The plaintiff gives notice that he shall rely, for avoidance of the defendant's discharge under the bankrupt law, as the same is pleaded, upon evidence that the said Wadsworth did not conform to the provisions of the said law, which would render his discharge valid. The plaintiff will endeavor to prove that the said defendant did not disclose and deliver up, but withheld and concealed property of great value, to wit, 20 doz. scythes, of the value of $200; money, of the value of $5000; and notes, accounts, obligation and securities for money, of the value of $5000; by means of which with

holding and concealment, the said discharge is void and of no effect."

At the second term, the defendant moved for a further and more particular specification, whereupon the court " ordered, that the plaintiff specify the notes, accounts, obligations and securities alleged to have been withheld by the defendant, by reason of which it is alleged that the discharge of the defendant in bankruptcy is rendered void; and that this order be complied with on or before the 10th of November next." And at the December term 1843, the court " ordered that the plaintiff comply with the foregoing order on or before the 1st of February next, and that he have liberty to file specifications of further matter in avoidance of said discharge, on or before said 1st of February."

In pursuance of said order, the plaintiff filed the following specifications: " That the defendant secreted a part of his property, contrary to the provisions of the bankrupt law, to wit: 1st. A personal right to redeem the Holbrook Farm, so called, or a part thereof, of which said farm the equity of redemption had been sold; the said Wadsworth's right to redeem being of great value: 2d. A certain note or obligation for money given by Marshall P. Robinson to said Wadsworth and secured by mort gage: 3d. A large quantity of scythes: 4th. A quantity of timber: And 5th, a large amount of money, or obligations for money, or evidences of debt, which, having shown to be in the defendant's possession immediately after his bankruptcy, the plaintiff will call on the defendant to otherwise account for."

On the trial, at the last March term of the court of common pleas, it appeared that the defendant's application in bankruptcy was dated February 15th 1842, and that he received his discharge on the 2d of August 1842. By direction of the court, with the assent of the parties, the only issue tried was as to the validity of the defendant's said discharge, under an agreement that if the plaintiff should prevail, the amount due to him should be ascertained by an assessor.

The plaintiff offered to prove, as one matter in avoidance of the defendant's discharge, that he secreted a demand, of about

$90, against one Arnold, upon which he recovered judgment at March term 1842 of the court of common pleas, and that the proceeds of that judgment went to the defendant's use. The defendant objected to the admission of this evidence, on the ground that said demand was not specified, by the plaintiff, among the matters intended to be shown by him in avoidance of said discharge, and that no notice that such act was relied on by the plaintiff had ever in any manner been given to the defendant. The court sustained this objection, and rejected the evidence.

As to the second ground of avoidance specified by the plaintiff, there was evidence that Marshall P. Robinson, on the 3d of February 1838, made to the defendant a mortgage of certain real estate, conditioned to secure payment of a note for $992·93, payable to Hiram Wadsworth & Co. or order, on demand ; that the defendant took possession of said estate, to foreclose the mortgage, on the 7th of March 1839, and had since been in possession thereof ; and that no mention thereof was made in the defendant's inventory of his property. The defendant contended that said mortgage and note were held by · him, partly as a trust fund, and partly as the property of a partnership, of which he had been a member, and of which, from the time of its dissolution, he had been and still was the agent for settling its concerns; his copartner not having become bankrupt. Evidence of this trust, &c. was introduced by the defendant. The defendant then called Pliny Merrick Esq., who testified that when the defendant was preparing the inventory of his effects, he (the witness) advised and assisted him, as counsel ; that the aforesaid note and mortgage were mentioned ; that the defendant stated that he held the mortgage and note ; that the consideration was a trust fund in part, and in part a debt due to Hiram Wadsworth & Co. ; that the defendant inquired of the witness, whether the note and mortgage ought to be inserted in his inventory, and that the witness advised him that it ought not. This testimony, so far as it related to the advice given by the witness, was objected to by the plaintiff, but the court overruled the objection.

A verdict was returned for the defendant, and the plaintiff alleged exceptions to the aforesaid rulings of the court.

*Washburn & W. A. Bryant,* for the plaintiff.

*J. P. Rogers & Kinnicutt,* for the defendant.

WILDE, J.   One of the exceptions in this case raises a question of practice of considerable importance, especially since the *St.* of 1836, *c.* 273, abolishing special pleading, has so greatly increased the specifications of defence and avoidance, now required on the motion of either party.   That statute authorized the court to pass such orders respecting notice to the opposing party of matters intended to be given in evidence by either party, as should be necessary to prevent surprise, and to afford opportunity for preparation for trial.   The court had authority, under the statute, to pass orders or rules, conforming substantially, in many respects, to the admirable rules of special pleading.   But it was doubted whether such an extended system of rules, though useful in practice, might not be opposed to the object and intent of the statute ; and a few simple rules only were adopted, one of which applies to the exception in the present case.   The 57th rule provides that " either party may, on motion, have an order requiring the adverse party to file a statement in writing of any specific and substantive matter of discharge or avoidance, which he proposes and intends to give in evidence on trial; and such party shall not be allowed to give in evidence any such matter of discharge or avoidance, unless specified in such statement.   And the parties shall be allowed, upon reasonable cause shown, to amend their respective statements, in such manner, and upon such terms, as the court may think reasonable."   24 Pick. 401.   It is obvious from this rule, that all specifications of defence or avoidance are to be made and settled before trial ; and if they are objected to for generality, a new order may be moved for a further and more particular specification, as was done in the present case.   A further specification was given, which was still open to objection ; but none was made before the parties proceeded to trial ; and the objection then came too late.   The parties were then at issue, though not formally, on the alleged fraud of the defendant in

obtaining his certificate of discharge, as stated in the particulars The rule of practice in this respect is the same in England New York, and in this Commonwealth. 3 Chit. Gen. Pract. 611 – 618. 1 Dunlap's Pract. 406. Graham's Pract. 437. Howe's Pract. 410 – 418. The practice is, says Chitty, if the plaintiff refuses to deliver particulars, a further order must be moved for, and if the order be not complied with, the defendant may sign judgment of *non pros*. Howe says the rule here is, that an insufficiency of a particular, in any respect in which it might have been rectified if the objection had been made earlier, cannot be objected to on the trial. This, I believe, has been the uniform practice. Nor does it appear that this was the precise objection in the present case. The defendant's objection was, that there was no particular of the matter offered in evidence; thus treating the particular, embracing that and similar matters, as a nullity by reason of its generality. But this, by the rules of practice, is not to be allowed. Howe's Pract. 415.

In the plaintiff's first and second specifications, he gave notice that he should rely, in avoidance of the defendant's certificate of discharge, on the defendant's concealment of sundry notes, accounts, and obligations for money, contrary to the provisions of the bankrupt law. At the trial, the plaintiff offered to prove that the defendant secreted a demand, of about $90, against one Arnold, the proceeds of which afterwards went to the defendant's use. This matter was embraced in the specifications, and should have been admitted.

As to the other objection to the admission of the disclosure made by the defendant to his counsel, who assisted and advised him in making out his inventory, and the advice of his counsel thereon, we think the evidence was rightly admitted, not as declarations merely, but as facts, and part of the *res gestæ*.

But as the first exception is, in our opinion, well founded, the verdict is to be set aside and a new trial granted.